IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE NELSON | : | CIVIL ACTION |
|    Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN, et al. | : | No. 02-4776 |
|    Respondents. | : | |

**MEMORANDUM AND ORDER**

**Norma L. Shapiro**                                                                 **March 17, 2004**

    Before the court is Jorge Nelson's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner has filed timely objections to a Report and Recommendation ("R&R") issued by Magistrate Judge Carol Sandra Moore Wells ("Judge Wells"). Nelson v. Vaughn, No. 02-4776 (E.D. Pa. July 30, 2003) (R&R). The court has conducted de novo review of the portions of the R&R to which specific objections have been filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). For the reasons that follow, the court approves and adopts the R&R of Judge Wells, and dismisses the Petition in its entirety.

**I.   BACKGROUND**

    On July 11, 1989, the Honorable John J. Poserina, Jr., Philadelphia Court of Common Pleas, convicted petitioner of two counts of second degree murder (felony murder),[1] first degree

---

[1] 18 Pa. C.S.A. §§ 2501-2502

robbery,[2] burglary,[3] conspiracy[4] and possession of an instrument of crime.[5]  Subsequent to the filing of petitioner's *pro se* post-verdict motions, his trial counsel, Dennis Eisman, Esq. was permitted to withdraw.  Additional post trial motions were filed by petitioner's new court appointed counsel, Mitchell Scott Strutin, Esq.  Following an evidentiary hearing, Judge Poserina denied all post-verdict motions.  On December 11, 1990, petitioner was sentenced to two concurrent terms of life imprisonment and a consecutive sentence of five to ten years for conspiring to kill two men.

    On January 17, 1991, in an appeal to the Superior Court of Pennsylvania, petitioner alleged that:

> 1. Trial counsel rendered ineffective assistance of counsel when he failed to object to the testimony of Assistant Medical Examiner Paul Hoyer that the killing of Nathaniel Boone was of an "execution type."
>
> 2. Trial counsel rendered ineffective assistance of counsel when he failed to object to Commonwealth testimony of the defendant's silence at the time of his arrest and failed to request a cautionary instruction regarding this testimony.  The Commonwealth elicited testimony from Michael Cohen that the

---

[2] 18 Pa. C.S.A. § 3701

[3] 18 Pa. C.S.A. § 3502

[4] 18 Pa. C.S.A. § 903

[5] 18 Pa. C.S.A. § 807

>           defendant, at the time of his arrest,
>           failed to acknowledge the fact that he
>           was Jorge Nelson and not George Dixon.
>
>     3.    Trial counsel rendered ineffective
>           assistance of counsel when he failed to
>           present the testimony of Michael Collier
>           on defendant's behalf.  Had Collier been
>           called as a witness at trial, he would
>           have testified that three men, two black
>           men and one white man were seen leaving
>           the scene of the crime. Collier's
>           eyewitness testimony was relevant and
>           may have exonerated the defendant.

Commonwealth v. Nelson, Nos. 2181-2190 (Ct. Com. Pl. Crim. Trial Div. Jan 17, 1991)(Statement of matters complained of on appeal). The Superior Court affirmed the judgment of sentence, Commonwealth v. Nelson, 601 A.2d 372 (Pa. Super. 1991)(table), and the Supreme Court declined review of the same three claims. Commonwealth v. Nelson, 607 A.2d 252 (1992).

    With the assistance of counsel, petitioner filed a petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA").  Petitioner alleged the same three ineffective assistance of counsel claims. Commonwealth v. Nelson, No. 2181 (Ct. Com. Pl. Crim. Trial Div. Pa. Cty.)(Petition for Relief under the PCRA); the PCRA court dismissed the petition. Commonwealth v. Nelson, Nos. 2182-83, 2185-88, 2190 (Ct. Com. Pl. Crim. Trial Div. 9/29/97)(order).

    Petitioner, in the Superior Court of Pennsylvania, asserted new claims that trial counsel was ineffective in: (1) failing to object to the introduction of hearsay testimony that identified

petitioner and provided a motive for the crime; (2) interfering with petitioner's right to testify in his own defense; and (3) failing to impeach the credibility of the Commonwealth's sole eyewitness, who offered inconsistent statements during preliminary examination and motion to suppress hearings. The Superior Court remanded the case for an evidentiary hearing on the issue of Mr. Nelson's right to testify. Commonwealth v. Nelson, No. 4490 (Pa. Super. 1999)(Appeal from the PCRA Order). At the conclusion of an evidentiary hearing, the PCRA court found that petitioner's decision not to testify was knowing, intelligent and voluntary. Commonwealth v. Nelson, No. 3496 at 3 (Pa. Super. 2002). Neither trial nor appellate counsel were found ineffective. Id.

Petitioner, appealing the decisions of the PCRA court on remand alleged: (1) the PCRA court's finding of facts and conclusions of law as to the alleged ineffective assistance of trial counsel were clearly erroneous; and (2) the PCRA court had erred in finding that petitioner's claim of ineffective assistance by appellate counsel had been waived. Nelson, No. 3496 (Pa. Super. 2002). The Superior Court, upholding the PCRA court's decision, denied petitioner's first issue on the merits and rendered the second issue moot. Id. The Pennsylvania Supreme Court denied petitioner's timely petition for allowance of appeal. Commonwealth v. Nelson, No. 81 (Pa. 2002); see also Resp. at Exh. "D."

Petitioner filed the instant petition *pro se*. Petitioner asserts: (1)(a) trial counsel was ineffective for failing to object to expert opinion testimony that one of the killings had been "execution type"; (1)(b) expert opinion testimony was insufficient to establish malice beyond a reasonable doubt; (2)(a) trial counsel was ineffective for failing to object to testimony regarding his post-arrest silence; (2)(b) his Fifth Amendment right to remain silent was violated when police officers testified that petitioner had used an alias when he was arrested; (3) trial counsel was ineffective for failing to interview and call Michael Collier as a defense witness; and (4) the trial court and trial counsel abridged his right to testify.

## II. The Report and Recommendation

The petition was referred to Judge Wells who recommended that the petition be denied without an evidentiary hearing and that no certificate of appealability be issued. Petitioner filing timely objections to the R&R, alleged that Judge Wells erred[6] in: (1) not referring to petitioner's traverse and exhibits; (2) finding petitioner's malice and Fifth Amendment claims procedurally defaulted; (3) finding that petitioner failed to rebut the state court factual findings; (4) finding counsel was not ineffective for not challenging two of the Commonwealth's

---

[6] Some of Petitioner's claims are duplicative, however, they will be addressed in turn.

witnesses; (5) finding counsel was not ineffective for not objecting to the testimony of Assistant Medical Examiner Paul Hoyer; (6) finding counsel was not ineffective for not objecting to testimony regarding petitioner's post-arrest use of an alias; (7) finding counsel was not ineffective for not calling Michael Collier as a defense witness; and (8) finding that petitioner's right to testify was not denied.

The court has conducted a de novo review of those portion of the R&R to which petitioner has filed objections.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act[7] ("AEDPA") increases the deference federal courts must give to state court habeas decisions.  A federal habeas court may overturn a state court's constitutional determination only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. 2254(d)(1).  A federal habeas court also may overturn a state court decision if it "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  Id. § 2254(d)(2).  State court factual findings are only rebutted upon showing of clear and convincing evidence.  Id. § 2254(e)(1).

---

[7] 28 U.S.C. 2254, et seq.

Petitioner advances several ineffective assistance of counsel claims. The United States Supreme Court has recognized that the right to counsel is the right to the effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). Counsel can also deprive a defendant of the right to effective assistance, by failing to render adequate legal assistance. The proper standard for attorney performance is that of reasonably effective assistance; to state a claim of ineffective assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness that could not be explained as sound trial strategy. <u>Id.</u> at 687-688.

There is a presumption that counsel is effective. To prevail on a claim of ineffective assistance, a petitioner must not only prove that counsel was ineffective, <u>Id.</u> at 694, but also satisfy the but for counsel's error, "the result of the proceeding would have been different" or that the ineffectiveness was "sufficient to undermine confidence in the outcome." <u>Id.</u> If either of these is not established, a claim of ineffective assistance must fail.

1. <u>Objection 1</u>.

Petitioner objects that the R&R makes no specific reference to his "traverse and exhibits." Although there is no express mention of these documents, it is clear Judge Wells did consider them. Judge Wells was not required to explicitly state every

7

document she reviewed in preparing the R&R.  The court has reviewed these documents and determined that nothing contained in them changes the outcome.

   2.  <u>Objection 2</u>.

   Petitioner argues that claims his claims that malice was never established and a violation of his Fifth Amendment right to remain silent are not procedurally defaulted, but exhausted because both are "reformulations ... as expressed and affirmed by the state courts."  A claim is exhausted if it has been "fairly presented" once to the state's trial court, intermediate appellate court, and highest court.  28 U.S.C. § 2254(b); <u>Evans v. Court of Common Pleas, Delaware County, Pennsylvania</u>, 959 F.2d 1227, 1230-1231 (3d Cir. 1992).  Petitioner admits that his claim that malice was never established has not been previously raised.  Petitioner asserts that his claim of a Fifth Amendment violation (when the jury was told that he did not respond to his true name during police interrogation, claim 2(b)) is related to an exhausted claim (claim 2(a)) and is therefore reviewable.  Claim 2(b) was never "fairly presented" to the state courts and is unexhausted.

   When an issue is unexhausted and further direct or collateral review in state court is foreclosed, the claim is deemed procedurally defaulted for purposes of federal review.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991); 28 U.S.C. § 2254(b)(1)(A); 42 Pa.C.S. §9544(a)-(c).  A procedurally

8

defaulted claim must be dismissed unless petitioner shows both "cause" for the default and "actual prejudice" as a result of the violation, or that the court's failure to consider the claims will result in a fundamental miscarriage of justice.  Petitioner has not shown or alleged any facts sufficient to show cause to excuse his failure to present these claims on collateral review.  Petitioner's defaulted claims will be dismissed.

    3.  <u>Objection 3</u>.

Petitioner argues that Judge Wells erred in finding he failed to rebut the state court factual findings.  Petitioner argues that Judge Wells only referred to respondent's pleadings and documents and ignored petitioner's traverse and exhibits.  It is clear from the R&R that Judge Wells considered all the relevant documents. A magistrate judge is not required to state explicitly every exhibit considered in preparing the R&R.  The court has reviewed the documents and they don't change the outcome because petitioner has failed to rebut the state court's factual findings by clear and convincing evidence.

    4.  <u>Objection 4</u>.

Petitioner argues that Exhibits A to G show ineffective assistance of trial counsel in not challenging state witnesses Donald Latimer and Detective Cohen.  Judge Wells was correct that petitioner is unable to overcome the presumption that the challenged action might be considered sound trial strategy.  Regardless, the court has reviewed <u>inter alia</u>, Exhibits A to G

and determined that no prejudice can be established.

   5.   Objection 5.

   Petitioner contends that he was prejudiced because trial counsel did not object when the prosecution expert characterized the killing as "execution type."  Even if counsel were ineffective in not objecting to this testimony, no prejudice has been established.  The result of the trial would not have been different had trial counsel objected to the testimony.

   6.   Objection 6.

   Petitioner argues that trial counsel was ineffective when he did not object to testimony regarding petitioner's use of an alias when he was arrested.  Under Pennsylvania law, an inference of guilt based upon use of an alias is permissible; this testimony was not objectionable.  Counsel is not required to make frivolous objections; counsel was not ineffective.

   7.   Objection 7.

   Petitioner contends that trial counsel was ineffective in failing to interview and call Michael Collier as a defense witness.  Petitioner cannot establish that the missing evidence would have been helpful.  Trial counsel possessed information concerning the unreliability of Michael Collier as a witness.  Petitioner cannot establish that the decision not to call Michael Collier was other than sound trial strategy.  Counsel was not ineffective for this reason.

8. <u>Objection 8</u>.

Petitioner argues that his right to testify on his own behalf was abridged. A review of the record shows that the state courts correctly found petitioner was given adequate opportunity to testify. Also, trial counsel was exercising sound trial strategy in not telling petitioner to testify because petitioner's prior criminal record would have then been admissible.

## IV. CONCLUSION

For the reasons stated above, and in the R&R, the petition for writ of habeas corpus is denied.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JORGE NELSON | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN <u>et al</u>. | : | No. 02-4776 |
|     Respondents. | : | |

<u>**ORDER**</u>

AND NOW, this 17th day of March 2004, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, and the objections filed thereto, it is hereby **ORDERED** that:

    1.  The objections to the Report and Recommendation are **OVERRULED**.

    2.  The Report and Recommendation is **APPROVED** and **ADOPTED**.

    3.  The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED WITHOUT AN EVIDENTIARY HEARING.**

    4.  A certificate of appealability will not issue.

                                                   BY THE COURT:

                                                   _____
                                                   NORMA L. SHAPIRO, S.J.