IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE NELSON,<br>  PETITIONER | : | CIVIL ACTION |
| v. | : | |
| DONALD T. VAUGHN, ET AL.<br>   RESPONDENTS | : | NO. 02-4776 |

---

**MOTION FOR RELIEF FROM THE ORDER PURSUANT TO
RULE 60(b)(6) OF THE FEDERAL OF CIVIL PROCEDURES**

---

TO: THE HONORABLE NORMA SHAPIRO, JUDGE OF THE ABOVE - SAID COURT:

Your Petitioner, Jorge M. Nelson, acting pro se, respectfully brings this Motion For Relief From judgement Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6) for fraud challenging the Government's fraudulent procedural pleading which effected District Court decision. SEE: Gonzalez V. Crosby, 125 S.Ct. 2641 (2005), citing Rodriquez V. Mitchell, 252 F.3d 191 (2d Cir. 2001, at 125 S.Ct. Footnote 5, "Where there is a defect in the integrity of the Federal Habeas proceeding," because government pleadings to the Federal Court was premised on fraudulent basis, which has occurred in the instant case, and fraud on the court is one example of such a defect. Pursuant to Root Refining Co. V. Universal Oil Products Co., 169 F. 2d 514, 522 (3rd Cir. 1948), "When a controversy has been terminated by a judgment, its freedom from fraud may always be the subject of further judicial inquiry

1

and the general rule that courts do not set aside their judgments after the term at which they were rendered has no application."

Federal Courts have the inherent power to make inquiry and to set aside judgment if procured by "fraud upon the court," the court may assert this power "Sua Sponte" to prevent a grave "Miscarriage of justice."

The Petitioner assert the government "deliberately planned and carefully executed scheme" to present "fraudulent Ballistic Test Report, and false testimony" to the court and jury at Petitioner's State trial as evidence against Petitioner to obtain a unlawful conviction, where Ballistic Examiner Basil Di Felice in the original Ballistic Test Report" found the "Ballistic Test" to be insufficient to permit a positive identification regarding the "Shotgun" as being the murder weapon in the instant case, and also the District Attorney's Office "withheld" Ballistic Examiner Di Felice testimony from Petitioner's trial which required new trial. See: Com. V. Anthoney G. Flecther March term, 1992, No.# 6001, 6002, 2003 and 6004, Opinion filed June 9, 2004, by Judge John M. Younge. See Exhibit "A", attached, "Firearms Examiner, Police Office, John Finor's testimony at Petitioner's trial Commonwealth V. Nelson. July 7, 1989, Room 426, City Hall, Court of Common Pleas of Philadelphia County, and also; See Exhibit "B", attached, original Ballistic Test Report by Ballistics Examiner, Basil Di Felice, Section/Blocks Nos# 9,10, 11 and 12.

The habeas court must consider the "probative force of

2

the newly presented evidence in connection with the evidence of guilt adduced at trial." Schlup, 513 U.S. at 332, 115 S.Ct. 851. "The newly presented evidence may...call into question the credibility of witnesses presented at trial." Id., at 330, 115 S.Ct. 851. Thus, the habeas court must assess the credibility of witness in light of the new evidence and the evidence presented at trial. Id. at 330-32, 115 S.Ct. 851. SEE: Reasonover V. Washington, 60 F. Supp. 2d 937 (E.D. Mo. 1999).

Pursuant to Sistrunk V. Armenakis, 292 F.3d 669 (9th Cir. 2002) (en banc), a rape victim testified to physical peculiarities in her alleged assailant that could identify him as the assailant. The Petitioner proffered photographic evidence that dispute the victim's testimony, but the trial court excluded the photo. The Court of appeals, while recognizing that the Petitioner's physical attributes obviously were not "newly discovered", concluded that the evidence [was] newly presented, and thus, may be considered in analyzing his Schlup claim."

In Majoy V. Roe, 296 F.3d 770 (9th Cir. 2002), the Petitioner presented three pieces of testimonial evidence that had surfaced after his trial, including a confession by an alleged co-conspirator and a recantation by the prosecution's main witness. Because this constituted newly discovered evidence, it was unnecessary for the Majoy court to decided the question presented by the instant case. Nonetheless, in dicta the court took the occasion to describe Schlup's

3

gateway as including evidence not introduced at trial.

"Based on the statement and reasoning of Sidtrunk and Majoy" the court said, "We hold that habeas Petitioner may pass Schlup's test by offering "newly presented evidence of actual innocence."

The medical records that were in the Petitioner's possession but that were not presented at his trial could be considered in determining the merits of his actual innocence claim, the court concluded.

The Seventh Circuit reached the same conclusion in Gomez V. Jaimet, 350 F.3d 673 (7th Cir. 2003).

The Government misrepresented that fact of the "Ballistic Test Report" in its federal court leading concerning the shotgun being the murder weapon in this case which requires this court to address the fraud in light of Gonzalez V. Crosby, supra., See: Exhibit "C" attached, Response To Petition For Wit of Habeas Corpus.

Furthermore, the fraudulent Ballistic Test report evidence and testimony was relied on and effected the District Court decisions, in the July 30, 2003 Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, and also, adopted and approved by the Honorable Normal L. Shapiro in her Memorandum and Order of March 23, 2004, which also require this court to address the fraud in light of Gonzalez V. Crosby, Surpa. See: Exhibit "D", attached Report and Recommendation of the U.S. Magistrate, and also See: Exhibit "E", attached, Memorandum and Order of the U.S. District Court Judge.

4

Pursuant to a Federal Civil Judicial Procedure and Rule, and also Federal Rules of Civil Procedure, Rule pages 251, 252, Edition 2005.

<u>Fraud</u>, whether intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party are express grounds for relief by motion under amended subdivision (b). There is no sound reason for their exclusion. the incorporation of fraud and the like within the scope of the rule also removes confusion as to the proper procedure. It has been held that relief from a judgment obtained by extrinsic fraud could be secured by motion within a "reasonable time", which might be after the time stated in the rule had run. <u>Fiske V. Buder</u>, C.C.A. 8th 1942, 125 F.2d 841; <u>see</u> <u>also</u> inferentially, <u>Bucy V. Nevada Construction Co.</u>, C.C.A. 9th, 1942, 125 F.2d 213. On the other, it has been suggested that in view of the fact that fraud was omitted from original Rule (60(b)(6) as a ground for relief, an independent action was the only proper remedy. Commentary, effect of Rule 60(b)(6) on other method of relief from judgment, 1941, 4 Fed. Rules Serv. 942, 945. The amendment settles this problem by making fraud an express ground for relief by motion; and under the saving clause, fraud may be urged as a basis for relief by independent action insofar as establishing doctrine permits. See: <u>Moore</u> and <u>Rogers</u>, Federal Relief from Civil Judgments, 1946, 55 Yale L.J. 623, 653 to 659; 3 Moor's Federal Practice, 1938, 3267 et seq. and the Rule 60, expressly does not limit the power of the court, when fraud has been perpetrate upon

5

it to give relief under the Saving Clause". As an illustration of this situation, See: Hazel-Atlas Glass Co. V. Hartford Empire Co., 1944, 64 S.Ct. 997, 322 U.S. 238, 88 L.Ed. 1250.

There is no time limit or laches applies to relief based on fraud upon the court because fraud on the courts concerns the integrity of the judicial process itself, a judgment may be set aside for fraud on the court at any time. There is not time limit on any party or court. After all, in the leading case Hazel-Atlas Glass CO. V. Hartford Empire Co., Supra, the U.S. Supreme Court acted in 1944 to tell the Third Circuit that it should set aside its 1932 judgment because it was procured by fraud on the court.

As the Supreme Court noted in Hazel-Atlas, Supra, "The Circuit Court thought that Hazel had not exercised proper diligence in uncovering the fraud and that this should stand in the way of relief but "even if Hazel did not exercise the highest degree of diligence, Hartford's fraud cannot be condoned for that reason alone ... Tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so

impotent that they must always be mute and helpless victims of deception and fraud.

The United States Supreme Court has made it clear "the law favors discovery and correction of the judicial process even more than it requires an resolution to cases". See Bracy V. Gramely, 520 U.S. 899, 909, 117 S.Ct., 1793, 138 L.Ed. 97 (1997).

The District Courts retain the inherent power to do what is necessary and proper to conduct judicial business in a satisfactory manner. As The Federal Courts have said, that inherent power is rooted in the chancellor's equity powers, to process litigation to a just and equitable conclusion". HGM Property, 847 F.2d at 915, (quoting ITT Community Development Corp. V. Barton, 569 F.2d 1351, 1359 (5th Cir. 1978). The Court's inherent power includes "the ability to do whatever is reasonably necessary to deter abuse of the judicial process". Eash V. Riggins Trucking Inc., 757 F.2d 557, 567 (3rd Cir. 1985) (en banc); See: also Brockton Saving Bank, 771, F. 2d at 11.

There is an irrefragable linkage between the court's inherent powers and the rarely encountered problem of fraud on the court. Courts cannot lack the power to defend their integrity against unscrupulous marauders, if that were so, it would place at risk the very fundament of the judicial system.

The Supreme Court of the United States further ruled in the leading case concerning fraud upon the court, Hazel-Atlas, **Supra**, "All in all, we find it surpassingly difficult to

7

conceived of a more appropriate use of a court's inherent power than to protect the sanctity of the judicial process - to combat those who would dare to practice unmitigated fraud upon the court itself. To deny the existence of such power would, we think, foster the very impotency against which the Hazel-Atlas court specifically warned."

In accordance with the Supreme Court mandates of Gonzalez V. Crosby, citing Rodriquez supra, and also; Hazel-Atlas Glass Co. V. Hartford - Empire Co., Supra., and the Third Circuit rulings of Root Refining Co. V. Universal Oil Products Supra., and their recent ruling in Herring V. United States, 424 F.3d 384 (3d Cir. 2005), which states. "In order to met the demanding standard for proof of fraud upon the court, there must be: (1) an international fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court.

The Petitioner has unequivocally met the mandates and standards articulated in the above-said case for the instant U.S. District Court for the Eastern District of Pennsylvania to grant the Rule 60(b)(6) Motion and grant habeas corpus relief for the fraud that has been perpetrated on the court in this instant case.

## REQUEST FOR RELIEF

Based upon all of the above and the entire record of this matter, Petitioner requests that this court grant the following relief:

A.   Require the government to file a responsive pleading.

B.   Upon such filing, the court should grant Rule 60(b)(6) summary relief by vacating Petitioner's convictio..s and sentences based upon the gross misconduct alleged herein.

C.   Alternatively, the court should conduct an evidentiary hearing on any disputed issue of allegation of fact or fraud.

Respectfully submitted,

_____
Jorge Nelson, Petitioner
Inst. # BZ-3119
SCI-Graterford
P.O. Box 244
Graterford, PA   19426-0244

Dated: January ____, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE NELSON, | : | CIVIL ACTION |
|     PETITIONER | : | |
| | : | |
| V. | : | |
| | : | |
| DONALD T. VAUGHN, ET AL. | : | NO. 02-4776 |
|     RESPONDENTS | : | |

## CERTIFICATE OF SERVICE

I, Jorge Nelson, Petitioner, Pro-se, hereby certify that on this ____ day of January, 2008, I caused to be served a true and correct copy of the foregoing document entitled, "Motion For Relief From Judgment Pursuant To Federal Rules of Civil Procedure, Rule 60(b)(6) For Fraud, by depositing the same in United States Mail, First Class, Postage Prepaid, to the person listed below:

Mr. Thomas Dolgenos, Esq.
District Attorney's Office
Federal Litigation Unit
3 Penn Square South
Philadelphia, Pa. 19107-3499

Respectfully submitted,

_____
Jorge Nelson, Petitioner
Inst # BZ-3119
SCI-Graterford
P.O. Box 244
Graterford, PA. 19426-0244

10