IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE NELSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN, et al. | : | No. 02-4776 |

## ORDER

AND now, this 12th day of February, 2008, upon consideration of Petitioner's Motion for Relief from the Order Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, it appearing that:

a. Nelson, an inmate at the State Correctional Institute, Graterford, was convicted of two counts of felony murder, first degree robbery, burglary, conspiracy and possession of an instrument of crime. After exhausting state remedies, Nelson filed a federal *habeas corpus* petition in this court under 28 U.S.C. § 2254. His petition asserted: (1)(a) trial counsel was ineffective for failing to object to expert opinion testimony that one of the killings had been "execution type"; (1)(b) expert opinion testimony was insufficient to establish malice beyond a reasonable doubt; (2)(a) trial counsel was ineffective for failing to object to testimony regarding his post-arrest silence; (2)(b) his Fifth Amendment right to remain silent was violated when police officers testified that Nelson had used an alias when he was arrested; (3) trial counsel was ineffective for failing to interview and call a certain person as a defense witness; and (4) the trial court and trial counsel abridged his right to testify. The petition was referred to Magistrate Judge Wells, who recommended denial of the petition without a Certificate of Appealability. By Order of March 17, 2004, this court overruled Nelson's Objections to Judge Wells' Report and Recommendation, denied Nelson's habeas petition, and declined to issue him a Certificate of Appealability. Nelson then petitioned the Third Circuit for a Certificate of Appealability; the Third Circuit denied the petition. On February 6, 2006, Nelson filed a Motion for Relief from Judgment under Fed. R.Civ. P. 60(b).

b. On January 25, 2008 Nelson filed a Rule 60(b)(6) motion for relief from an order this court entered in March 2006. His present motion is functionally identical to the motion giving rise to the order from which he now seeks relief. In the present motion he reasserts the merits of his previous motion and argues that the court's March 2006 order denying his motion should be vacated. Federal Rule of Civil Procedure 60(c) provides that a motion filed pursuant to Rule 60(b)(6) must be filed within a reasonable amount of time. Nearly two years have passed since the order from which Nelson seeks relief. Because Nelson pleads no new evidence in his present motion, the court finds no justification for the nearly two-year time

     period that has elapsed.  The motion is not timely.

c.      Federal Rule of Civil Procedure 60(b) "applies in habeas corpus proceedings under 28 U.S.C. § 2254 only to the extent that it is not inconsistent with . . .[t]he relevant provisions of the AEDPA-amended habeas statutes" regarding second or successive habeas petitions.  <u>Gonzales v. Crosby</u>, 125 S.Ct. 2641, 2646 (2005).  If a Rule 60(b) motion "is in substance a successive habeas petition," it is subject to the requirements of 28 U.S.C. §§ 2244(b)(1)-(3).  <u>Id.</u> at 2647.

d.      A Rule 60(b) motion must be treated as a successive habeas petition "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  <u>Id.</u> at 2648 (emphasis in original).  A Rule 60(b) motion is not treated as a successive habeas petition when it attacks "some defect in the integrity of the federal habeas proceeding."  See also <u>Pridgen v. Shannon</u>, 380 F.3d 721, 727 (3d Cir. 2004) (upholding dismissal of a 60(b) motion as a successive habeas petition to the extent it challenged the movant's state conviction).

e.      Nelson's Rule 60(b) motion argues the judgment of this court denying his habeas petition should be vacated because the government "deliberately planned and carefully executed scheme to present fraudulent Ballistic Test Report, and false testimony to the court and jury at Nelson's state trial."  Motion for Relief from the Order at 2 (internal quotations and citations omitted).  Nelson argues this constitutes "fraud on the federal habeas court," <u>see</u> <u>Gonzales</u>, 125 S.Ct. at 2648 n.5, but he is clearly wrong.  The fraud he alleges occurred, if at all, during the state trial proceedings.  His motion attacks this court's resolution of his habeas petition on the merits and must be treated as a second or successive habeas petition under 28 U.S.C. § 2244.

f.      Under 28 U.S.C. § 2244(b)(3), before a district court may accept a successive habeas petition, "the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."  <u>Gonzales</u>, 135 S.Ct. at 2646.  There has been no such determination by the Court of Appeals.

It is therefore **ORDERED** that Nelson's Motion for Relief from the Order Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Paper #33) is **DENIED**.

                                                                     /s/ Norma L. Shapiro  
                                                                                S.J.